By the Court.—Sedgwick, J.
The most important question is whether the refusal of Biker to pay the *203 amount which the order directed him to pay was a breach of the condition of defendant’s bond. The condition was, “that if the said Biker shall henceforth faithfully discharge the duties of his trust as such receiver, then this obligation to be void, &c.” The only omission to discharge faithfully his duty was the refusal to pay as commanded by the order.
There is no doubt that the order was competently made, and was binding upon Biker ; but the appellant claims that it does not show or prove, as against the defendant, who was not a party or privy to the order, that Biker did not faithfully discharge the duties of his trust. But there seems to be no room for doubt, if it were a duty of the receiver’s trust to obey the order, and the refusal to pay was the reverse of a fai thful discharge of duty ; the condition of the bond was broken. In such a case, the defendant has contracted that the receiver will pay, and the order and the proceedings leading to it do not comprise something that is binding upon the defendant as an adjudication, but are evidence of the facts as to violation of duty' in obeying the order.. Of course, if they were to be used as evidence of some former misappropriation of money, and the defendant was to be bound only if such a misappropriation were shown, they would be incompetent against the defendant.
The cases against sureties upon executors’ or administrators’ bonds are not precedents here, for such bonds, following the statute, specifically provide in the condition that the principal shall obey the orders of the surrogate. Judge Cowen, who delivered the opinion in Douglass v. Howland (24 Wend. 35), in deciding Jackson v. Griswold (4 Hill, 531), gave an illustration which is in point here. He said that the case of Willey v. Pault, 6 Cow. 74), was not cited by counsel in Douglass v. Howland, and was overlooked by the court. “The action was against the surety, in a probate bond condi *204 tioned, among other things, that the executor should settle the estate according to law. The evidence offered was a judgment against the executor, an execution and demand of payment, which the executor refused to make, though he had assets. The judgment was held to be conclusive. With deference, it seems to me that a judgment against the executor and a refusal to pay, the estate having assets, were, per se, within the terms of the condition. The test of a failure to settle according to law was an unpaid judgment, and the case was therefore the same in effect as if the condition had said, we will abide all judgments that shall be obtained against the executor.” I cannot think that there has been a faithful discharge of duty by a receiver, when he refuses to account and pay as directed by an order, which specifically designates his duty in that respect.
It is urged as a ground of reversal, that in the exact ■construction• which it is claimed is due to a surety’s contract, a recovery here, on the ground that has been stated, cannot be maintained, for the reason that, before the order, the principal had been removed from the receivership, and thenceforward his act or omissions could not be the violation of the duties of a trust, which could only exist when the receivership was in existence. I think the proper construction is, that the defendant was to be bound, so long as there was any duty of his principal’s trust to be performed, and that included a duty of the trust yet to be performed after his expulsion from the office. The trust and the duty springing from it remained.
I am also of opinion that the order permitting the plaintiff to prosecute the bond, authorized him to bring this action. The people of the State had no property interest in the chose in action. By due authority from the people, the court had used their name as the obligee, that the real party in interest or bene-" ficiary, according to circumstances, might have the *205 benefit of the contract. It is as if the name of the clerk or of a third party had been competently used for the purpose. A formal assignment was not necessary. The circumstances were equivalent to that, even if, under the Code, the plaintiff had not an absolute right, as a party in interest, subject to the direction of the court. The court has ordered that the plaintiff prosecute the bond, and for formal purposes may be deemed authorized by the obligee to make such order.
The plaintiff, as receiver appointed to succeed Biker, is the party in interest, and the measure of damages is the amount he would have received if the duty of paying the sum named in the order had been performed.
The defendant’s exceptions are overruled, and judgment ordered for plaintiff, on verdict, with costs.
Speir, J., concurred.